FILED
U.S. District Court
District of Kansas
02/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARRY OWEN STEEN,

           Petitioner,

v.                                  CASE NO. 25-3264-JWL

JESSE HOWES,

           Respondent.

**MEMORANDUM AND ORDER**

      This matter is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed on December 5, 2025 by Petitioner and Kansas state prisoner Barry Owen Steen. On January 14, 2026, the Court issued a memorandum and order to show cause ("MOSC") explaining that it appeared that the statute of limitations for filing the petition expired in August 2025, meaning the petition was untimely filed. (Doc. 4, p. 4.) The MOSC set forth the standards under which equitable tolling of the statute of limitations might be available and the circumstances under which a petitioner might avoid the statute of limitations by making a colorable claim of actual innocence. *Id.* at 5-7. The MOSC gave Petitioner time to show cause in writing why this case should not be dismissed as untimely filed. *Id.* at 8.

      This matter comes now before the Court on Petitioner's response to the MOSC, which he timely filed on January 28, 2026. (Doc. 5.) As explained in the MOSC, the Court liberally construes Petitioner's pro se filings. (Doc. 4, p. 2-3, p. 2 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).) But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. (Doc. 4, p. 3 (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).)

1

Even liberally construed, Petitioner's response to the MOSC does not dispute the Court's conclusion that absent equitable tolling, the federal habeas statute of limitations expired in August 2025, nor does the response assert that Petitioner should be allowed to invoke the actual innocence exception to the statute of limitations. (Doc. 5.) Rather, Petitioner simply asks that the Court not dismiss this untimely matter and instead grant him the jail time credit to which he believes he is entitled. *Id.* at 1-2. Because Petitioner has not asserted the type of extraordinary circumstances under which equitable tolling would be appropriate and has not shown that he should be allowed through the actual innocence gateway, this matter must be dismissed with prejudice as untimely filed. *See Haney v. Addison*, 175 F.3d 1217, 1219-21 (10th Cir. 1999) (affirming dismissal with prejudice of untimely 2254 petition); *Navarette v. Horton*, 2023 WL 1773856, *1 (10th Cir. 2023) (unpublished) (same).

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed with prejudice as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 2nd day of February, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
